NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| COREY J. CARACTER, | : | |
| | : | Civil Action |
| Plaintiff, | : | 06-4310 (SRC) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ALAN AVSHALUMOV, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> COREY J. CARACTER, Plaintiff pro se
> M.C.A.C.C.
> New Brunswick, New Jersey 08903

**Stanley R. Chesler, District Judge**

Plaintiff COREY J. CARACTER (hereinafter "Plaintiff") seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915.  . Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court (1) grants Plaintiff's application to proceed in forma pauperis as a prisoner; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; and (3) assesses the $350.00 filing fee against Plaintiff.

The Court has reviewed the Complaint for <u>sua</u> <u>sponte</u> dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and concludes that dismissal of the Complaint is required for failure to state a claim upon which relief may be granted.

## **BACKGROUND**

Plaintiff alleges that

> [o]n April 24, 2006, [Plaintiff] was assaulted by [Defendant] Avshalumov of [] Verizon All Page Store . . . . Upon an alleged shoplifting, [Plaintiff] was tacked to the ground by [Defendant] Sal[,] an employee of Verizon All Page [Store]. . . . Sal[] held [Plaintiff] on the ground while [Defendant] Avshlaumov [the Store's] manager proceeded to beat [Plaintiff] with his fist and kick[ed] [Plaintiff] about the head and chest area for about 5 minutes before the police arrived. . . . [Defendant] police [officer] J. Hangan told [Plaintiff that Plaintiff] couldn't file a complaint on defendants because [Plaintiff] was being charged with an alleged shoplifting/robbery.

Compl. at 6.   Plaintiff seeks damages for Plaintiff's pain and suffering, as well as punitive damages.  <u>Id.</u> at 7.  Plaintiff also requests that criminal charges be filed against Defendants Avshalumov and Sal.  See <u>id.</u>

## **STANDARD OF REVIEW**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was

"primarily to curtail claims brought by prisoners under 42 U.S.C.
§ 1983 and the Federal Tort Claims Act . . . many of which are
routinely dismissed as legally frivolous." Santana v. United
States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the
congressional plan for curtailing meritless prisoner suits is the
requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b),
that a court must dismiss, at the earliest practicable time, any
prisoner actions that are frivolous or malicious, fail to state a
claim, or seek monetary relief from immune defendants. However, in
determining the sufficiency of a complaint, the Court must be
mindful to construe it liberally in favor of the plaintiff. See
Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969
F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all
of the allegations in the complaint and reasonable inferences that
can be drawn therefrom, and view them in the light most favorable
to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d
902, 906 (3d Cir. 1997). The Court need not, however, lend credit
to a pro se plaintiff's "bald assertions" or "legal conclusions."
Id. Thus, "[a] pro se complaint may be dismissed for failure to
state a claim only if it appears 'beyond doubt that the plaintiff
can prove no set of facts in support of his claim which would
entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373
(3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520
(1972)).

## DISCUSSION

### A.    Color of Law Requirement

To recover against a defendant under 42 U.S.C. § 1983, a
plaintiff must establish that the defendant acted under "color of
[state] law" to deprive him of a right secured by the federal
Constitution or laws.[1]  See Groman v. Twp. of Manalapan, 47 F.3d
628, 633 (3d Cir. 1995).  Section 1983 does not create substantive
rights; rather, it provides an avenue of recovery for the
deprivation of established federal constitutional and statutory
rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996);
Groman, 47 F.3d at 633.

"The color of state law . . . is a threshold issue; there is
no liability under [Section] 1983 for those not acting under color
of law."  Id. at 638.  The color of state law element in a section
1983 action requires that "the conduct allegedly causing the
deprivation of [the plaintiff's rights] be fairly attributable to
the State."  Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).

---

[1]

Section 1983 provides in relevant part that:

Every person who, under color of any statute, ordinance,
regulation,  custom,  or  usage,  or  any  State  .  .  .
subjects, or causes to be subjected, any citizen of the
United States . . . to the deprivation of any rights,
privileges, or immunities secured by the Constitution and
laws, shall be liable to the party injured in an action
at law, suit in equity, or other proper proceeding for
redress.

For the conduct to be "fairly attributable" to the State, (1) the
deprivation must be caused by (a) the exercise of some right or
privilege created by the State or (b) by a rule of conduct imposed
by it or by a person for whom the State is responsible, and (2) the
defendant must be a person who may fairly be said to be a state
actor, either because the person (a) is a state official, (b) acted
together with or has obtained significant aid from state officials,
or ©) performed conduct otherwise chargeable to the State. See id.
at 936-39.

The United States Supreme Court has articulated several
instances where a private party's actions may be fairly attributed
to state action, including when: (1) it results from the State's
exercise of "coercive power"; (2) the State provides significant
encouragement, either overt or covert; (3) a private actor operates
as a willful participant in joint activity with the State or its
agents; (4) a nominally private entity is controlled by an agency
of the State; (5) a private entity has been delegated a public
function by the State; or (6) the private entity is entwined with
governmental policies, or the government is entwined in its
management or control. See Brentwood Acad. v. Tenn. Secondary Sch.
Ath. Ass'n, 531 U.S. 288, 296 (2001) (internal quotations and
citations omitted). The Court, in deciding whether a particular
action or course of action by a private party is governmental in
character, must examine: (1) the extent to which the actor relies

on governmental assistance and benefits; (2) whether the actor is performing a traditional public function; and (3) whether the injury caused is aggravated in a unique way by the incidents of governmental authority.  See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 621 (1991).

Even liberally construing Plaintiff's Complaint, this Court cannot find any indication that Defendants Avshalumov and Sal, a manager and an employee of a Verizon store, acted under color of law.  Actions of these Defendants cannot be fairly attributed to the State since neither one of these Defendants was a state actor, nor acted in cooperation with a state actor, or performed conduct otherwise chargeable to the State.  Consequently, Plaintiff's Complaint fails to state a claim upon which relief may be granted with respect to Defendants Avshalumov and Sal.  This dismissal, however, is without prejudice to Plaintiff's filing of civil claim against Defendants Avshalumov and Sal under the state tort law.

**B.   Criminal Prosecution**

Plaintiff asserts that Officer Hangan violated Plaintiff's right by refusing to bring up charges against Defendant Avshalumov and Sal.  See Compl. at 8.  Plaintiff also requests this Court to file such charges.  See id. at 7.  Neither Plaintiff's claim against Officer Hangan nor Plaintiff's application to this Court requesting such a remedy has merit.

It appears that Plaintiff is of impression that this Court (or Officer Hangan) has authority to act as an agent of Plaintiff for the purpose of bringing criminal charges on behalf of Plaintiff against Defendants. Plaintiff errs. Neither the Court nor Officer Hangan has the authority to grant Plaintiff's request to have "charges brought up" against Defendants Avshalumov and Sal.

A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." See Collier v. Darling, 98 F.3d 211, 222 (6th Cir. 1996); Mercer v. Lexington Layette Urban County Govt., 52 F.3d 325 (6th Cir. 1995); Corney v. Woodridge Hosp. & Johnson City Med. Ctr., 2005 U.S. Dist. LEXIS 37257, at *6 (E.D. Tenn. Sept. 14, 2005); see also United States ex rel. Savage v. Arnold, 403 F. Supp. 172 (E.D. Pa. 1975) (stating that a private party cannot, on his own, commence a criminal proceeding for failure to meet to comply with the requirements of Rules 3 and 4 of the Rules of Criminal Procedure and citing United States v. Blierley, 331 F. Supp. 1182 (W.D. Pa. 1971); Brown v. Duggan, 329 F. Supp. 207 (W.D. Pa. 1971); United States ex rel. Spader v. Wilentz, 25 F.R.D. 492 (D.N.J), aff'd, 280 F.2d 422 (3d Cir.), cert. denied 364 U.S. 875 (1960)).

Plaintiff, a private citizen, is without authority to prosecute criminal charges, see United States v. Jarvis, 560 F.2d 494, 497 (2d Cir. 1977); Pokalsky v. SEPTA, 2002 U.S. Dist. LEXIS 16175 (E.D. Pa. Aug. 28, 2002); In re Guyer, 1996 U.S. Dist. LEXIS 17807, at *1 (E.D. Pa. 1996); United States v. Leomporra, 1995 U.S. Dist. LEXIS 15007, at *1 (E.D. Pa. 1995); Figueroa v. Clark, 810 F. Supp. 613, 615 (E.D. Pa. 1992); Bryant v. City of Phila., 1990 U.S. Dist. LEXIS 7132, at *6 n.1 (E.D. Pa. 1990); Comer v. Philadelphia County, 1987 U.S. Dist. LEXIS 1775, at *4 (E.D. Pa. 1987); United States ex rel. Savage v. Arnold, 403 F. Supp. 172, 174 (E.D. Pa. 1975); United States v. Panza, 381 F. Supp. 1133, 1134 (W.D. Pa. 1974), and this Court is without authority to do so on Plaintiff's behalf, since

> [i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person. See Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987). Accordingly, the district court [is obligated to] refus[e] fil[ing] criminal charges or . . . compel[ing] prosecution based on those charges.

Ellen v. Stamm, 1991 U.S. App. LEXIS 30558 (9th Cir. Dec. 19, 1991) (emphasis supplied), cert. denied, Montalvo v. Stamm, 506 U.S. 1047 (1993). Similarly, Officer Hangan did not violate Plaintiff's civil rights when Officer Hangan refused Plaintiff's request to file a criminal complaint. See Rodriques v. Larchmont, 608 F.

Supp. 467, 472 (S.D.N.Y. 1985) (plaintiff' claims that a policeman did not permit the plaintiff to file a complaint is subject to dismissal, since "there is certainly no constitutional right to be protected from criminal activity" and "the claim based on the individual defendants' inaction is not actionable under Section 1983") (citing <u>Wright v. City of Ozark</u>, 715 F.2d 1513, 1516 (11th Cir. 1983); <u>Bowers v. Devito</u>, 686 F.2d 616, 618 (7th Cir. 1982); <u>Reiff v. City of Philadelphia</u>, 471 F. Supp. 1262, 1265 (E.D. Pa. 1979)).

Therefore, Plaintiff's claim against Officer Hangan will be dismissed for failure to state a claim upon which relief may be granted, and Plaintiff's request to file criminal charges against Defendants Avshalumov and Sal will be denied.

## CONCLUSION

Since Plaintiff seeks to assert in the federal forum a state law claim bearing no federal question, the Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee and dismisses the Complaint with prejudice for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.


**STANLEY R. CHESLER**
**United States District Judge**

Dated: 11/2/06